UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO P.C.,[1] Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents. | No. 1:26-cv-2552-TLN-CSK<br>A# 092-078-794<br>**RELEASE ORDER** |

Petitioner, an immigration detainee prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 20.) Respondents filed objections to the findings and recommendations. (ECF No. 22.) Petitioner filed a response to those objections. (ECF Nos. 23, 24.) As ordered by the magistrate judge, the

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

parties filed a joint statement as to conditions of release.[2] (ECF No. 21.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. The Court has considered Respondents' objections and Petitioner's response. Upon careful review of the case file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 20) are ADOPTED in full.

2. Respondents' motion to dismiss (ECF No. 7) is DENIED.

3. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

4. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Alfredo P.C. (A# 092-078-794) upon the following conditions of release, as outlined in ECF No. 1-6 at 100–103 (Release Plan) and 147–54 (CDCR Conditions of Parole):

    a) Upon release, Petitioner will report within one business day to CDCR, LA Central 3 Parole Unit, located at 2444 South Alameda Street, Los Angeles, CA, 90058, Phone: 323-238-1700. He will report to the Officer of the Day. (ECF No. 1-6 at 147, 152.)

    b) Petitioner will be required by CDCR to participate in a Transitional Housing Program ("THP") for six months. (ECF No. 1-6 at 149.) Petitioner will be assigned an appropriate THP by his Parole Officer.

    c) At the conclusion of his participation in THP, Petitioner will seek CDCR approval for placement with his brother. (ECF No. 1-6 at 101.)

    d) Petitioner must not violate any federal, state, or local law. (ECF No. 1-6 at 147.)

---

[2] While Petitioner submits proposed conditions as ordered by the magistrate judge, Respondents state they "cannot agree to nor propose any conditions of release for the district court's consideration." (ECF No. 21 at 2.) As Respondents do not specifically object to or raise concerns about any of Petitioner's proposed conditions, the Court adopts Petitioner's proposed conditions in full.

e) Petitioner shall report any change or anticipated change to his residence in advance to his Parole Officer. (ECF No. 1-6 at 147.)

f) Petitioner shall inform his Parole Officer within 72 hours of any change to his employment location, employer or termination of employment. (ECF No. 1-6 at 147.)

g) Petitioner shall not travel more than 50 miles from his residence or leave California without prior approval from his Parole Officer. (ECF No. 1-6 at 147.)

h) Petitioner shall attend all immigration court hearings.

i) Petitioner shall attend annual check-ins at ICE Enforcement and Removal Operations ("ERO"), 300 North Los Angeles St., Room 7631, Los Angeles, CA 90012.

j) Respondents shall promptly return all property and identity documents to Mr. Parada Calderon upon his release from their custody.

k) Respondents shall not impose the Intensive Supervision Appearance Program ("ISAP"), nor shall they require Petitioner to wear a GPS ankle monitor.

l) Respondents may not re-detain Petitioner without first providing notice and a pre-deprivation hearing before a neutral decisionmaker at which Respondents bear the burden to establish, by clear and convincing evidence, that Petitioner poses a current danger or flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

5. Respondents are further ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such

that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

6. **The Clerk of the Court is directed serve California City Detention Facility with a copy of this Order**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 29, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE